```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ :
ANTONIA PHILLIPS,              :
                               :    03-Civ. 4887 (VM)
              Plaintiff,       :
                               :    ORDER
     -   against   -           :
                               :
THE CITY OF NEW YORK, et al.,  :
                               :
              Defendants.      :
------------------------------ :
```

**VICTOR MARRERO, United States District Judge.**

By order dated April 5, 2018, the Court authorized payment of a monthly stipend of $1,200 to Griselda Feliz, the mother of Henesy Feliz, a/k/a Antonia Phillips ("Feliz"), from the Supplemental Needs Trust of Henesy Feliz (the "Trust") as compensation for the special services Griselda Feliz performs in providing for the unique care and support of Feliz. (See Dkt. No. 277.)

By letter dated October 2, 2019, Sinead A. Fitzsimons, Vice President and Trust Officer of Orange Bank & Trust Company, the Trustee of the Trust (the "Trustee"), informed the Court that Griselda Feliz requested retroactive payment of the $1,200 monthly stipend for the period from January 2008 until March 2018, a sum of approximately $150,000. (See Dkt. No. 342.) Because the Trustee was not appointed to its role until December 2017 -- towards the end of the period for which Griselda Feliz requests retroactive payment -- the Trustee takes no position on whether a retroactive stipend is appropriate. (See id.)

By letter dated October 21, 2019, Harry Rimm ("Rimm"), as guardian ad litem for Feliz, informed the Court that Griselda Feliz had requested retroactive payment of the stipend dating back to 2007 or 2008. (See Dkt. No. 343.) Rimm listed various considerations which, in his view, make it "difficult to maintain that paying a lump sum of approximately $150,000 to [Griselda] Feliz is in the best interests of [Feliz]." (See id. at 2-3.) Specifically, Rimm noted that (1) a stipend is, in his experience, unusual and typically forward-looking; (2) the approximately $150,000 payment would constitute taxable income to Griselda Feliz, and the significant amount paid in taxes would be unavailable to both Griselda Feliz and the Trust; (3) a lump-sum, retroactive stipend is not necessary to cover expenses related to the house in Yonkers that the Trust is purchasing for Feliz (the "Yonkers house") because such expenses can be paid from the Trust on an as-needed basis and/or from Griselda Feliz's monthly stipend and any monthly social security income she receives; and (4) Rimm estimates that a $150,000 payment would reduce the Trust's net income to approximately $27,000 per year, which, when compared to 2018 expenses of $25,000, raises concerns about eroding the Trust's principal. (See id.) Based on these considerations, Rimm asked the Court to consider authorizing a retroactive stipend covering only a one or two year period and/or ordering the

-2-

Trustee to assess annually whether any increase or decrease in the monthly stipend is warranted. (See id. at 3.)

By letter dated October 25, 2019, Julia Ryan ("Ryan"), the Executive Director of the Office of Liens and Trusts at the New York City Human Resources Administration (the "HRA"), notified the Court that the HRA's position is that a retroactive stipend would not benefit Feliz and would not comport with the terms of the Trust. (See Dkt. No. 344 at 2.) According to Ryan, the HRA has never approved a retroactive stipend from a supplemental needs trust. (See id. at 1.) In the HRA's experience, stipends are typically requested on a forward-looking basis when a parent must stay home to care for a disabled trust beneficiary and, because of changed circumstances, expenditures from the trust are needed to cover the beneficiary's present and future needs. (See id.) Ryan explained that "any expenditures from the Trust for the benefit of [Feliz] or to preserve trust assets . . . could be made directly by the Trustee." (Id. at 2.) Accordingly, Ryan rejected as "not compelling" the notion that paying a lump sum to Griselda Feliz is necessary to benefit Feliz or support the Trust-owned real property. (Id.) Ryan flagged the possibility that a lump-sum payment to Griselda Feliz could negatively impact Feliz's eligibility for Medicaid, which "is contrary to the purpose of utilizing a supplemental needs trust as a

vehicle to shelter assets." (Id. at 1). Ryan also pointed to the absence of any determination by the Trustee that the requested retroactive payment would represent the fair market value of past services rendered. (Id.) Based on the preceding reasons, Ryan expressed concern that a retroactive stipend, rather than covering the beneficiary's present and future needs, would "enrich[] [the parent] at the expense of the Trust and Trust beneficiary . . . ." (Id.)

Upon consideration of the correspondence discussed above and other documents in the record, the Court is persuaded that a retroactive stipend is not appropriate in this case. However, the Court acknowledges that, in connection with the move to the Yonkers house, Griselda Feliz has taken on new responsibilities that may impose greater obligations or financial burdens. Accordingly, it is hereby

**ORDERED** that the Trustee is invited to submit a proposal as to whether, in view of any additional responsibilities Griselda Feliz may have undertaken in the care of Feliz by reason of the family's move to a new home in Yonkers, New York, an increase in the monthly stipend for Griselda Feliz may be warranted on a forward-looking basis. Any such proposal shall take into consideration the relevant surrounding factors, including but not limited to: the size of the Trust, the net amount allocated to trust income, general

economic conditions, the possible effect of inflation or deflation, the expected tax consequences of investment decisions and of distributions of principal and income, the expected total return of the Trust (including both income and appreciation of capital), Feliz's needs for present and future distributions, the services being provided to Feliz by Griselda Feliz and whether such services and Griselda Feliz's responsibilities related thereto may change materially on account of the family's move to a new home in Yonkers, New York, and the public services available to Feliz as a beneficiary of a supplemental needs trust.

**SO ORDERED.**

Dated: New York, New York
November 7, 2019

_____
VICTOR MARRERO
U.S.D.J.