UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------
 ANTONIA PHILLIPS, et al.,

                         Plaintiffs,

              - against -

 CITY OF NEW YORK, et al.,

                         Defendants.
-------------------------------------
```

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____           │
│ DATE FILED: _8/20/2025_           │
└──────────────────────────────────┘
```

03 Civ. 4887 (VM)

ORDER

**VICTOR MARRERO, United States District Judge.**

On August 15, 2025, the Court held a telephone conference to address the parties' request to relieve Wells Fargo Bank, N.A. ("Wells Fargo") as Trustee, to appoint Orange Bank & Trust Company ("Orange Bank") as Successor Trustee, and to award a reasonable fee to Wells Fargo for its work as Trustee. However, the Court could not meaningfully address the parties' requests during the conference because Orange Bank failed to appear.

In scheduling the conference, the Court directed counsel for Wells Fargo, Orange Bank, and Griselda Feliz ("G. Feliz") to attend the conference. (See Dkt. Nos. 501, 504.) Despite the Court's directive, a representative for Orange Bank did not attend. Instead, Orange Bank's counsel of record, Nicholas Berwick ("Berwick"), appeared at the conference and indicated that he was no longer associated with MacVean, Sherwin & McDermott, P.C. ("MLSM"), the law firm that

represents Orange Bank. Berwick represented to the Court that he had informed MLSM about the conference on August 15, 2025, advised MLSM to adjourn the conference if necessary, and requested that an attorney from MLSM enter a notice of appearance. (See Dkt. No. 505.) Despite Berwick's requests, MLSM did not enter an appearance or seek an adjournment of the conference. Further, G. Feliz's counsel indicated during the conference that he was aware that counsel for Orange Bank would be unable to attend. It is unclear why the parties did not seek to adjourn the conference on August 15, 2025, or why counsel for G. Feliz and Wells Fargo did not confer with Orange Bank in proposing the date for the conference even the Court had directed all three parties to appear. (See Dkt. No. 503; see also Dkt. No. 501.)

During the conference, the Court intended to address the parties' request that the Court appoint Orange Bank as Successor Trustee for the Henesy Feliz ("H. Feliz") Supplemental Needs Trust on the basis that Orange Bank is familiar with the Trust provisions, H. Feliz's conditions and needs, and has previously worked with the H. Feliz's guardian, G. Feliz. Indeed, Orange Bank served as Trustee for the Henesy Feliz Supplemental Needs Trust until Orange Bank was discharged by this Court in January 2024 and Wells Fargo was appointed as Successor Trustee. (See Dkt. No. 430.) The Court

2

discharged Orange Bank as Trustee following concerns raised by the guardian ad litem at the time, Harry Rimm, about Orange Bank's service to the Trust. (See id.) Although the Court ordered a smooth transition between Orange Bank and Wells Fargo, the transition did not go smoothly. For example, the Court directed Orange Bank to transfer all trust assets to Wells Fargo and expressly forbade the retention of any reserve, but Orange Bank held a reserve in blatant violation of the Court's orders not to do so. (See Dkt. Nos. 456, 480.) Further, there were indications that Orange Bank had made disbursements to itself from the Trust, even though Orange Bank knew such disbursements required Court approval and had to be related to the care and comfort of H. Feliz in order to be approved. (See Dkt. No. 456.) Thus, Orange Bank's history of poor service and its disregard of Court directives raise concerns in reinstating Orange Bank as Trustee.

Moreover, the Court is mindful that during Orange Bank's tenure as Trustee from 2017 to 2024, there were numerous reports of antagonism between Orange Bank personnel and G. Feliz, to the point that Orange Bank threatened to resign. (See Dkt. No. 440 at 3-4.) Despite this history, G. Feliz now recommends that Orange Bank serve as the Successor Trustee, and Wells Fargo does not object to the recommendation. The Court would like to ensure that Orange Bank and G. Feliz are

3

prepared to have a working relationship that prioritizes H. Feliz's care and well-being, which is the purpose of the Trust.

Given the Court's concerns about Orange Bank serving as Successor Trustee, the Court reiterates that a conference addressing the parties' requests to discharge Wells Fargo as Trustee and to appoint Orange Bank as Successor Trustee will only be fruitful if Orange Bank is present. At the next conference, counsel for Wells Fargo, Orange Bank, and G. Feliz should be prepared to address the Court's concerns described above.

Further, Wells Fargo requests $40,485.71 in commissions from March 1, 2024, to April 30, 2025, as well as any additional commissions that accrued from May 1, 2025. At the conference, Wells Fargo generally represented that the requested fees were calculated pursuant to its fee schedule, (see Dkt. No. 502-7), but was unable to provide any further specificity. Accordingly, Wells Fargo shall submit an informal accounting of its requested fees within fourteen (14) days of this Order.

**SO ORDERED.**

Dated:    New York, New York
          August 20, 2025

                                        _____
                                            Victor Marrero
                                               U.S.D.J.